```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY

CHRISTINA WATSON, et al.        :     CIVIL ACTION
                                :
     V.                         :
                                :
LIBERTY MUTUAL FIRE INSURANCE   :
COMPANY                         :     NO. 19-11994
```

<u>MEMORANDUM</u>

Bartle, J.                                        July 16, 2020

      Insureds Christina and David Watson, wife and husband, bring this diversity action against defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") asserting claims for breach of contract, bad faith, and for violations of the New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1, et seq. ("CFA"), the New Jersey Unfair Claims, Settlement Practice Act, N.J. Stat. Ann. §§ 17:29B-1, et seq. ("UCSPA"), and the New Jersey Truth in Consumer Contract, Warranty and Notice Act, N.J. Stat. §§ 56:12-14, et seq. ("TCCWNA"). Before the Court is the motion of Liberty Mutual to dismiss or, in the alternative, for summary judgment on plaintiffs' claims for bad faith and for violations of the CFA, UCSPA, and TCCWA as pleaded in Counts II-V of the Complaint. Plaintiffs do not object to the dismissal of their claims under the UCSPA in Count IV and under the TCCWA in Count V. We review the motion with respect to

Counts II and III under Rule 56 of the Federal Rules of Civil Procedure.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A factual dispute is material if it might affect the outcome of the suit under governing law. Id. at 248.

We view the facts and draw all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). We grant summary judgment where there is insufficient record evidence for a reasonable factfinder to find for the nonmoving party. See Anderson, 477 U.S. at 252. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The following facts are not disputed. On the evening of July 15, 2018, a fire ignited at plaintiffs' townhouse in Willingboro, New Jersey. Ms. Watson received a notification from plaintiffs' home security system that a fire alarm had been triggered. She was visiting her parent's home at the time. Ms. Watson called plaintiffs' neighbor to investigate. Finding the home on fire, the neighbor called the police. The Willingboro Fire Department responded to the call. Fire fighters were able to extinguish the fire but only after it caused serious damage to plaintiffs' and their neighbor's connecting houses.

Plaintiffs submitted to defendant Liberty Mutual a claim to recover for property damage caused by the fire. Liberty Mutual engaged independent fire investigator Paul Gemmato to identify the cause and origin of the fire.[1] Gemmato inspected plaintiffs' home on July 20, 2018. After his inspection, Gemmato reported orally to a Liberty Mutual investigator that he found that multiple fires had been ignited in the home. He reported a discrepancy between the time Mr.

---

1. The Court denied the motions of plaintiffs to exclude the expert testimony of Paul Gemmato and for summary judgment should the testimony be excluded. (Doc. # 40). We found that Gemmato is qualified as an expert in the origin and cause of fire and that his expected testimony, per his report and declaration, meets the standards under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 583 (1993) for admissibility into evidence.

Watson stated he left the home before the fire and when plaintiffs' home security system recorded the front door locked. Gemmato also reported pour patterns consistent with the use of an accelerant.

     Gemmato provided Liberty Mutual with a cause and origin report summarizing the results of his investigation.  In the report, he described three separate fires at different locations in the Watsons' home - the center of the dining room, the northeast corner of the dining room, and the master bedroom on the second floor above the dining room.  Gemmato investigated whether the three fires communicated with one another.  He ruled out explanations that the fires in the dining room travelled inside the walls or up the outside of the house to the master bedroom.  Gemmato detailed his efforts to find evidence to explain three separate fires.  He reported finding irregular burn patterns on the carpet near the fire in the master bedroom which he considered to be consistent with a trailer.[2]  Having

---

2.   Gemmato's report defines trailer as a "deliberately introduced fuel or manipulation of existing fuel(s) used to aid the spread of a fire from one area to another.  Trailers can be used to connect separate fire sets. Fuels used for trailers may be ignitable liquids, solids, or combinations of these. Depending on the type of fuel used, portions of a trailer may survive the fire.  Trailers are frequently indicated by elongated fire patterns absent conditions such as full room involvement, which may obscure or destroy patterns."

ruled out various non-incendiary causes, he ultimately concluded the fires were incendiary.³

Plaintiffs contend Gemmato ignored reports prepared by the Willingboro Fire Department and investigating Fire Marshal Robert Carr. These reports designate the cause of the fire as either undetermined or under investigation. Specifically, plaintiffs argue Gemmato ignored evidence that the fires communicated with one another and that the circuit breakers for the dining room and master bedroom were tripped.

Liberty Mutual partially denied plaintiffs' property loss claim on December 31, 2018. It explained that an investigation revealed that Mr. Watson committed an act of "intentional loss," coverage for which was excluded under plaintiffs' insurance policy. Liberty Mutual paid Ms. Watson over $111,000 for damage to the townhouse and her personal property, as well as for temporary housing. Liberty Mutual denied plaintiffs' claim with respect to half of the damage to

---

3. In his report, Gemmato notes that Mr. Watson stated he returned home from a poker game at 8:15 p.m. to get some water and left for another poker game at 9:20 p.m. Plaintiffs now reference what appears to be a screenshot of a report from a mobile phone home security application that Mr. Watson arrived home at 9:07 p.m. and left at 9:10 p.m. Defendant cites to a Detailed Activity Report from plaintiffs' home security provider that the front door was opened at 9:07 p.m. and that there is no evidence anyone left the house until the fire started at approximately 9:30 p.m.

the townhouse and commonly used personal property attributable to Mr. Watson.

### III

We address the claim that Liberty Mutual denied in bad faith the portion of plaintiffs' property damage attributable to Mr. Watson.

Under New Jersey law, an insurer owes a duty of good faith to an insured when processing first-party claims under an insurance policy.  Pickett v. Lloyd's, 621 A.2d 445, 450-51 (N.J. 1993).  This good faith obligation is greater than that owed under a typical commercial contract because of the fiduciary obligation an insurer owes its insureds.  Badiali v. New Jersey Mfrs. Ins. Grp., 107 A.3d 1281, 1287 (N.J. 2015)  A plaintiff seeking to recover for the bad faith conduct of an insurer is not required to prove bad motive or intention.  Id. However, a bad faith claim cannot succeed where the insurer's conduct amounts to mere negligence.  Id. at 1288.

To succeed on a claim against an insurer for the denial in bad faith of benefits under an insurance policy, the insured must demonstrate that no debatable reasons existed for the denial.  Badiali 107 A.3d at 1288.  A plaintiff who cannot establish as a matter of law a right to summary judgment on the issue of coverage cannot succeed on a claim for bad faith denial.  Id.

We have reviewed the reports of the Willingboro Fire Department and Fire Marshal Robert Carr available to Liberty Mutual at the time it partially denied plaintiffs' claim, as well as the report of Liberty Mutual's independent fire investigator Paul Gemmato.  Based on conflicting evidence in the record, it is genuinely disputed whether Mr. Watson caused or did not cause the fire to plaintiffs' home.  A reasonable juror could find that he intentionally set the fire.  It follows that plaintiffs could not prevail on a motion for summary judgment that coverage under the policy exists.

For these reasons, we will grant the motion of Liberty Mutual for summary judgment on plaintiffs' bad faith claim for the denial of benefits as pleaded in Count II of the Complaint.

IV

We next address the motion of Liberty Mutual for summary judgment on plaintiffs' claim for consumer fraud under the CFA as set forth in Count III of the Complaint.

To prevail on a CFA claim, a plaintiff must establish: (1) the defendant engaged in conduct which violates the CFA; (2) the plaintiff suffered an ascertainable loss; and (3) a causal relationship exists between the unlawful conduct and the loss. Zaman v. Felton, 98 A.3d 503, 516 (N.J. 2014).

Fraudulently selling or inducing the sale of an insurance policy is a violation of the CFA.  Lemelledo v.

-7-

Beneficial Mgmt. Corp. of Am., 696 A.2d 546, 551 (N.J. 1997); see also N.J. Stat. §§ 56:8-1 and 56:8-2.  However, "while the CFA encompasses the sale of insurance policies as goods and services that are marketed to consumers, it was not intended as a vehicle to recover damages for an insurance company's refusal to pay benefits."  Myska v. New Jersey Mfrs. Ins. Co., 114 A.3d 761, 777 (App. Div. 2015) (internal quotations omitted).

For this reason, we will grant the motion of Liberty Mutual for summary judgment on plaintiffs' claim for fraudulent denial of benefits under the CFA as pleaded in Count III of the complaint.

V

As noted, plaintiffs do not oppose dismissal of their claims under the UCSPA in Count IV and under the TCCWA in Count V of the Complaint.  Counts IV and V will be dismissed.